Veronika **DARRAGJATI**, Petitioner,

v.

**Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.**

No. 03–4816–ag.

United States Court of Appeals,
Second Circuit.

Oct. 16, 2007.

Roberto Tschudin Lucheme, Glastonbury, CT, for Petitioner.

Randy G. Massey, United States Attorney; Kit R. Morrissey, Assistant United States Attorney, Fairview Heights, IL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. CHESTER J. STRAUB and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Veronika Darragjati, a native and citizen of Albania, seeks review of an April 16, 2003 order of the BIA affirming the May 28, 2002 order of Immigration Judge ("IJ") Sandy K. Hom denying her motion to reopen removal proceedings. *In re Veronika Darragjati,* No. A 75 829 133 (B.I.A. Apr. 16, 2003); aff'g No. A 75 829 133 (Immig. Ct. N.Y. City, May 28, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Where, as here, the BIA opinion is not one that adopts the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). When the agency denies a motion to reopen, this Court reviews its decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ Here, Darragjati's appeal of the IJ's June 1998 denial of her initial motion to reopen to rescind an *in absentia* order entered in March 1998 was untimely as it was not filed until November 1998, well beyond the 30–day deadline for such appeals. 8 C.F.R. § 1003.38(b) (providing that a Notice of Appeal must be filed within 30 days of an IJ's oral decision or the mailing of an IJ's written decision). Thus, when Darragjati attempted to bring a second motion to reopen to rescind the *in absentia* order in March 2002, the IJ declined to review her motion on the merits. Similarly, the BIA declined to review Darragjati's appeal from the IJ's denial of her 2002 motion, deeming waived any challenge to the IJ's finding that she had received adequate notice. Under these circumstances, Darragjati has failed to exhaust her administrative remedies with regard to any arguments pertaining to the *in absentia* order of removal. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)). As such, we lack jurisdic-

tion to review her petition. 8 U.S.C. § 1252(d)(1).

■ Even if we were to review Darragjati's petition, the BIA did not abuse its discretion in denying her motion to reopen. The BIA concluded that Darragjati "waived her challenge to the adequacy of notice in this case when she failed to timely appeal from the Immigration Judge's June 25, 1998 decision which denied her previously filed motion to reopen," after considering and rejecting Darragjati's notice arguments. At that point, the IJ's findings regarding the sufficiency of notice became the law of the case. *Cf. In re S–Y–G–,* 24 I. & N. Dec. 247, 250 (B.I.A.2007) ("We note that because the applicant did not seek judicial review of our 1997 order, the Immigration Judge's adverse credibility determination remains the law of the case."); *see also U.S. v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir.2002) (emphasizing that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case"). Accordingly, it was not arbitrary for the BIA to adhere to the IJ's earlier finding on the issue, without considering the merits of Darragjati's recycled arguments regarding notice. *Cf. Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (noting that the BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected).

For the foregoing reasons, the petition for review is DISMISSED.